## Du Bois v. Barker.

*Trust — when fraudulent conveyance of trust estate by trustee valid as against the cestui que trust. Evidence — near relationship not, of want of good faith.*

B., who held title to real estate through an unrecorded deed, devised such estate to her husband W. in trust for her two children. The will gave W. full dominion over the property, including power of sale, and provided that the purchaser should be " without liability in respect to the application of the purchase-money." W. suppressed the will, altered the unrecorded deed by erasing the name of B. and inserting that of S., and placed it upon record. Afterward S. conveyed a part of the property to innocent purchasers and the remainder to the second wife of W., who mortgaged the same. *Held*, that W. having, under the will, full power to sell and convey the property, his doing so in an irregular manner did not affect the validity of the transfers, and the deeds and mortgages received in good faith for value from S. and W.'s second wife, were valid as against the *cestuis que trust* under the will of B.

Near relationship to the vendor *held* not sufficient to establish want of good faith in a purchaser, without other proof.

APPEAL by plaintiffs from a judgment in an action tried before the court.

The action was brought by Cornelius Du Bois, Jr., as trustee under the last will of Beulah T. Barker, deceased, and others against William C. Barker and others, to determine the title to certain real estate; to correct an altered deed by which the title was alleged to have been diverted and restore the name of the original grantee; to set aside certain conveyances and mortgages as fraudulent, and for an account of the rents, issues and profits. Sufficient facts appear in the opinion.

*C. & N. D. Lawton,* for appellants. The title of the minor children could not be incumbered or in any way affected by the unauthorized act of W. C. Barker. Tyler on Infancy and Coverture, 296; *Rogers* v. *Dill,* 6 Hill, 415; *Onderdonk* v. *Mott,* 34 Barb. 106; *Baker* v. *Lorillard,* 4 N. Y. 266; *Fisher* v. *Hubbell,* 1 N. Y. Sup. 97; *N. Y. Assn.* v. *Beekman,* 21 Barb. 565; *Sylvester* v. *Ralston,* 31 id. 286; *Jackson* v. *De Walts,* 7 Johns. 157; *Byrne* v. *Van Hoesen,* 5 id. 66; *Genet* v. *Tallmadge,* 1 Johns. Ch. 561; *Torrey* v. *Black,* 65 Barb. 414; *In re Robinson,* 37 N. Y. 261; *Roseboom* v.

*Mosher,* 2 Den. 70; *Burritt* v. *Silliman,* 13 N. Y. 96; *Cruger* v. *Jones,* 18 Barb. 467; *Lahens* v. *Du Passeur,* 56 id. 266; *Powers* v. *Bergen,* 6 N. Y. 360; *Briggs* v. *Davis,* 20 id. 15; Perry on Trusts, 309.

*Sidney V. Lowell, R. Ingraham, Geo. Ingraham, Jno. H. Knaebel, William S. Cogswell* and *D. P. Barnard,* for respondents.

Present — BARNARD, P. J., and TAPPEN, J.

BARNARD, P. J. William C. Barker, prior to the 7th of March, 1857, was the owner of certain lots of land situate in Brooklyn, particularly described in the pleadings. On that day he, by a full covenant warranty deed, transferred the same to Samuel Townsend, of the city of Philadelphia. This Mr. Townsend was the father of Barker's then wife. She joined in the deed. The premises were subject to two mortgages, one of $1,200 and one of $4,000. The payment of these mortgages was assumed by Townsend in the deed. On the 18th of January, 1859, Samuel Townsend conveyed the same premises to Beulah T. Barker (Barker's wife), subject to a mortgage of $1,200. Barker had, between the date of the Townsend deed and the date of the deed by Townsend to Mrs. Barker, paid the $4,000 mortgage. The deed by Barker to Townsend was given immediately prior to the entry of a judgment of over $3,000 against Barker in favor of a Mr. Wolson.

On the 11th of March, 1861, Beulah T. Barker made her will, by which she devised the property to William C. Barker in trust for her two children.

The will gave him full dominion over the property, including power of sale, and provided that the purchaser should be "without liability in respect to the application of the purchase-money."

On the 28th of March, 1861, she died. The deed to her from her father and the will by her went, upon her death, into the possession of her husband, and both were kept a profound secret for many years — until about the month of May, 1873. On the 9th of January, 1867, William C. Barker put upon record the deed from Townsend to his (Barker's) wife, having erased about that time the name of Beulah T. Barker, the grantee, and written in its place and stead the name of Edward Schwerin, a person who had married his (Barker's) sister. Barker noted at the end of the deed and before

the witnesses' names the fact that this erasure was made before the execution of the deed. Barker, a few days thereafter, agreed to sell two of the lots to Messrs. Harsey & Parkinson, and gave a deed therefor, executed by Schwerin on the 1st of April, 1867. On the 19th of March, 1868, Schwerin conveyed all the remaining property to Ellen D. Barker, the second wife of William C. Barker, and a sister of the plaintiff.

William C. Barker and Ellen, his wife, subsequently executed various mortgages upon the property for the full face thereof, and conveyed two of the lots to Rachel W. Townsend, who was the wife of the Samuel Townsend who gave the deed to his daughter Beulah and the mother of William C. Barker.

On the 12th of May, 1873, Beulah T. Barker's will was proved, and the plaintiff was appointed administrator with the will annexed, by the surrogate of Kings county, and thereafter trustee by this court at special term. The children of Beulah T. Barker are still minors. Schwerin received nothing for his conveyance. Barker received the consideration as well from the direct sale by Schwerin as from the mortgages given by his wife upon the title she acquired from Schwerin.

There is no evidence to warrant the finding that the deed given by Barker to Townsend was a mortgage. It was a plain case of a conveyance given to hinder, delay and defraud creditors.

The title passed to Townsend as between the parties. By virtue of Townsend's deed to his daughter, she died, having the fee of the property, and by her will it passed to William C. Barker, in trust for her two children. Thus far the case seems plain. If the trustee had received his wife's deed and proven the will and executed the trust openly under it, he would have done his duty, but this he failed to do. He suppressed the will and altered the deed, and recorded it as altered, so that the record was apparently right; he perfected titles in this way, and thus the question presented arises where the loss is to fall — upon the children of the *cestui que trust*, or upon the innocent purchaser and mortgagees who have acted upon the appearance of title which William C. Barker, the trustee, made.

The trust created by the will was a valid express trust under our statute (chap. 1, part 2, title 2, 1 R. S., § 55, subd. 3; 1 R. S. 728.) The trustee took the whole estate subject only to the execution of the trust. (1 R. S. 729, § 60). The estate devolved by force of the will

without probate. The evidence warrants the finding that Barker accepted the trust and executed it for many years. He took possession of the deed and will, took possession of, rented and improved the property and applied the proceeds to the support and maintenance of the infants. Being the legal owner, and intending to make a good title and for a good consideration which he received, he may have proceeded irregularly,.or even criminally; the result was legal and proper. He executed the power of sale in the will. He made an apparently legal title and received pay for it.

I discover no evidence to warrant the finding that Edward DuBois was not a *bona fide* mortgagee; nor that Rachel W. Townsend was not a *bona fide* mortgagee and purchaser. They are proven to be related. Edward Du Bois is a brother of Barker's wife, and Rachel W. Townsend is Barker's mother. This is not sufficient to destroy their claims without other proof.

The judgment should be modified so that all transfers and mortgages given under the Schwerin deed be declared legal; the title to property untransferred by deed by Barker's first wife be declared vested in plaintiff as trustee, subject to mortgages thereon; Barker to account as trustee before a referee and be declared to pay any balance he may owe on such accounting.

*Ordered accordingly.*